UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**LARRY LEE HUGHES**                                                                                          **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:06-CV-P176-R**

**BILL ADAMS et al.**                                                                                         **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Larry Lee Hughes, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court will dismiss certain claims and allow other claims to proceed.

### I. SUMMARY OF CLAIMS

The plaintiff is currently incarcerated at Little Sandy Correctional Complex, but the events in question occurred at McCracken County Jail.  He sues Jailer Bill Adams in his individual capacity, inmates Arthur Reed and Quinteras Lee in their individual capacities, and the McCracken County Jail in its individual and official capacity.

According to the complaint, the plaintiff was placed into a cell pod with a number of other inmates, all of whom were being robbed, weekly, of their personal canteen items by inmates Reed and Lee.  The plaintiff alleges that, although numerous letters were written to the jailer regarding Reed and Lee, nothing was done "by the Jailer or his staff to protect the other inmate[s] or [the plaintiff] from the assaults of these two violent inmates who took personal items from inmate[s] daily and injured inmates on a daily basis."  He alleges that Jailer Adams was willfully and intentionally negligent because, although incident reports, letters, and complaints were made concerning these two inmates, which Jailer Adams and his staff looked

over, he was subjected to daily abuse and assaults from Reed and Lee. He also alleges that his Eighth Amendment right to be free from cruel and unusual punishment and his right to be protected from injury were violated. He asserts that he suffered serious and permanent injury to his left eye, which had to be removed. He also appears to assert that his right eye has lost some of its vision. Specifically, he alleges that Lee held him while Reed kept hitting him until his left eye came out.

He states that he did not use the grievance procedure at the jail because he was denied a grievance form and because he could not see because his eye was damaged. He further states that he did complain verbally to Adams, to the jail's nurse, and to a jail guard about having his eye knocked out. According to the plaintiff, the result of his verbal complaint was that Reed and Lee were charged with assault. He states that he had his eye removed and was told that he would receive a glass eye, but he never did.

The plaintiff requests $500,000 in monetary damages; injunctive relief in the form of an order against each defendant prohibiting them from retaliating against him; $2,000,000 in punitive damages; and any other award deemed appropriate by the Court.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

*A.    Claims against inmates Reed and Lee*

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). Reed and Lee are fellow inmates, and the plaintiff does not allege that Reed and Lee were state actors. Nor do the facts alleged in the complaint support a determination that Reed and Lee were acting on behalf of the State.

If the alleged infringement of federal rights is fairly attributable to the state, then private persons may be held to be state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The Supreme Court has articulated three tests for determining who are state actors. These three tests are: (1) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *West v. Atkins*, 487 U.S. at 49-50; *Flagg Bros.* v. *Brooks*, 436 U.S. 149, 157 (1978); and (3) the state compulsion test, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 170 (1970). *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936-39 (1982)(for a discussion of the tests); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)(same).

The public function test requires that the private person exercise powers which are traditionally and exclusively reserved to the state, such as holding elections or eminent domain. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). "The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d at 1335. More than mere acquiescence or approval by the state in the alleged wrongful actions is necessary. *Id.* Finally, under the symbiotic relationship or nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* "[I]t must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Id*.

The plaintiff sets forth no facts that would in any way connect the actions of Reed and

4

Lee in their alleged assaults on the plaintiff to the State. The facts alleged by the plaintiff do not meet any of the tests articulated by the Court which would allow the actions of Reed and Lee to be fairly attributable to the state. They were fellow inmates with no state authority. Therefore, they are not subject to § 1983 liability. *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978).

*B.     Claims against the jail*

McCracken County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is McCracken County that is the proper defendant in this case. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, McCracken County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against McCracken County Jail as brought against McCracken County.

*C.     Claims against McCracken County and Jailer Adams*

The injunctive relief that the plaintiff seeks is an order prohibiting retaliation against him. However, according to the plaintiff, he is no longer housed at McCracken County Jail. Thus, his request for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Those claims will, therefore, be dismissed. The Court will allow the Eighth Amendment claims

for damages to proceed against Jailer Adams and McCracken County.

### III. CONCLUSION

The Court will dismiss the plaintiff's claims against Reed and Lee and the plaintiff's claims for injunctive relief in a separate order. The Court also will enter an order addressing service on McCracken County. In permitting the remaining claims to go forward, the Court passes no judgment on the merits or ultimate outcome of this case.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        McCracken County Attorney

4413.009