### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH

**LARRY LEE HUGHES**                                                                          **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:06-CV-P176-R**

**BILL ADAMS et al.**                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Defendant Bill Adams has filed a motion for leave to file a third-party complaint to name as third-party defendants Arthur Reed and Quinteras Lee (DN 19). Reed and Lee were named as defendants by Plaintiff in his 42 U.S.C. § 1983 complaint. According to the complaint, Reed and Lee were inmates at McCracken County Jail who abused and injured him and other inmates. On initial screening, this Court dismissed Reed and Lee as defendants because the facts alleged in the complaint did not support a determination that either of them were state actors, a necessary prerequisite for liability under § 1983.

Defendant Adams' motion for leave to file a third-party complaint and his proposed third-party complaint alleges that he is entitled to assert a claim for indemnity or for apportionment of liability/contribution[1] against Reed and Lee. Neither his motion nor his proposed third-party complaint states under what authority such a claim for indemnity or apportionment would be based.

Defendant Adams served his answer to the complaint on December 12, 2006. The motion for leave to file a third-party complaint was filed on July 26, 2007. Under the Federal Rules of Civil Procedure, "[t]he third-party plaintiff need not obtain leave to make the service if

---

[1] Defendant Adams' motion speaks of "apportionment of liability," apparently under Kentucky law, and his proposed third-party complaint references an alleged right to contribution from Reed and Lee.

the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." FED. R. CIV. P. 14(a). Thus, leave from this Court is required before the third-party complaint may be filed and served. The question of whether to grant a motion to file a third-party complaint is within this Court's discretion. *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960) (per curiam).

Plaintiff's complaint alleges only constitutional claims under 42 U.S.C. § 1983. He does not allege state law tort claims. "'The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant *the liability asserted against him by the original plaintiff*.'" *S. Rosenthal & Co., Inc. v. Coastal Commc'ns Corp.*, No. C-1-96-537, 1997 WL 373742, at *2 (S.D. Ohio May 28, 1997) (emphasis added) (quoting 6 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1446 (2d ed.)). "In order to add a party as a third-party defendant, it must be established that 'the third-party defendant is secondarily or derivatively liable for any loss suffered by the principal defendant in the primary dispute.'" *Id.* (quoting *Indep. Liberty Life Ins. Co. v. Fiduciary & Gen. Corp.*, 91 F.R.D. 535, 537 (W.D. Mich. 1981)). Thus, the crucial question is whether a § 1983 defendant may seek indemnity or contribution from a co-defendant.

In *Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 91-92 (1981), which involved claims under the Equal Pay Act and Title VII, the Supreme Court determined, using principles of statutory construction, that the Equal Pay Act and Title VII contained no provisions granting a right of contribution and that the legislative history gave no indication that Congress intended to give petitioner a right to contribution. *Id.* The Court further rejected the

notion that federal common law could give a right to contribution, finding that it would be "improper for us to add a right to contribution to the statutory rights that Congress created in the Equal Pay Act and Title VII." *Id.* at 98.

The Sixth Circuit has not held that a right to contribution under § 1983 exists, *see Coleman v. Casey County Bd. of Educ.*, 686 F.2d 428, 429 n.1 (6th Cir. 1982) ("[T]he Court need not decide whether a right to contribution exists under §§ 1981, 1983 or the Rehabilitation Act"), and research reveals that, since the *Northwest* decision, most courts that have considered the question have refused to find that a right to indemnification or contribution exists under § 1983. *See*, *e.g.*, *Allen v. City of Los Angeles*, 92 F.3d 842, 845 n.1 (9th Cir. 1996) ("There is no federal right to indemnification provided in 42 U.S.C. § 1983."), *overruled on other grounds sub nom*, *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir.1997) (en banc); *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n.9 (5th Cir. 1994); *Mason v. City of New York*, 949 F. Supp. 1068, 1079 (S.D. N.Y. 1996); *Banks v. City of Emeryville*, 109 F.R.D. 535, 539 (N.D. Cal. 1985); *but see Hoffman v. McNamara*, 688 F. Supp. 830, 834 (D. Conn. 1988) (allowing setoff for settlement in § 1983 action); *Fishman v. De Meo*, 604 F. Supp. 873, 877 (E.D. Pa. 1985) (holding that contribution is available in § 1983 cases). The Court also notes that two of its sister courts within the Sixth Circuit, applying the rationale of *Northwest* to the § 1983 setting, have held that there is neither a statutory nor a federal common law right to indemnity/contribution under § 1983. *See Frantz v. City of Pontiac*, 432 F. Supp. 2d 717, 722 (E.D. Mich. 2006); *Hart v. City of Williamsburg, Ky.*, No. 6:04-321-DCR, 2005 WL 1676894, at *3 (E.D. Ky. July 16, 2005).

"In considering whether state law contribution claims should nonetheless be allowed in

Section 1983 cases, some courts have looked to 42 U.S.C. § 1988, which provides that state law may be invoked when the federal law is 'deficient in the provisions necessary to furnish suitable remedies,' and where the state law provides a remedy that is not inconsistent with federal law." *Carrion v. City of New York*, No. 01-CIV-2255, 2002 WL 31107747, at *3 (S.D.N.Y. Sept. 23, 2002) (quoting *Mason*, 949 F. Supp. at 1079)). However, most courts that have addressed the issue have held that contribution claims are not consistent with § 1983's deterrence policy and should not be permitted under § 1988. *See id.* at *3 n.2 (and cases cited therein); *see also Wright v. Reynolds*, 703 F. Supp. 583, 592 (N.D. Tex. 1988). Thus, state-law apportionment of liability[2] would have no applicability in this action and would not provide a basis under Rule 14(a) for third-party liability.

Defendant Adams has not established that he would be entitled to indemnity or apportionment from the proposed third-party defendants. Additional considerations also persuade this Court to deny Defendant Adams' motion. The addition of the proposed third-party defendants may complicate the case and prejudice the plaintiff. At least some discovery already has occurred in this matter. Also, there is a strong likelihood that the proposed third-party defendants are indigent and would lack resources to provide any substantial indemnification to Defendant Adams.[3] *See Valdez v. City of Farmington*, 580 F. Supp. 19, 21 (D.N.M. 1984) (court found that addition of third-party claim would unduly delay and complicate proceedings where, among other things, discovery had already occurred and third-party defendants were likely to be

---

[2] Apportionment of liability in Kentucky is governed by KY. REV. STAT. § 411.182, entitled "Allocation of fault in tort actions; award of damages; effect of release."

[3] Plaintiff's complaint seeks as relief, among other things, $500,000 in monetary damages and $2,000,000 in punitive damages.

4

indigent).

Accordingly, **IT IS ORDERED** that Defendant Adams' motion for leave to file a third-party complaint (DN 19) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4413.009